UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ :

KEITH SONDERLING, ACTING SECRETARY
OF LABOR, UNITED STATES DEPARTMENT
OF   LABOR,                                :

                    Plaintiff,                  :

              v.

CUPID HOMECARE AGENCY, LLC;                :
MICHAEL PAGAN, individually; and the
CUPID HOMECARE RETIREMENT SAVINGS
PLAN

                                 :

              Defendants.

------------------------------------------ :

Civil Action No. 26 Civ. 4173

## COMPLAINT

Plaintiff Keith Sonderling, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

### PRELIMINARY STATEMENT

1. The Secretary brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, against Cupid Homecare Agency LLC (the "Company") and Michael Pagan (together, the "Fiduciary Defendants") to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. §1109, seeking restitution and other appropriate relief for harms suffered by the Cupid Homecare Retirement Savings Plan (the "Plan"), and to enforce the provisions of Title I of ERISA.

2. Beginning in approximately 2023 (the "Time Period"), Fiduciary Defendants consistently withheld employee contributions from employee paychecks for the stated purpose of remitting this money to employees' Plan accounts. Fiduciary Defendants, however, did not remit

all employee contributions to the Plan. In this same Time Period, Fiduciary Defendants also failed to ensure that all employer matching contributions for employees were made to the Plan. Fiduciary Defendants also failed to complete basic fiduciary obligations, such as obtaining a fidelity bond.

3.      By the actions and omissions specified above, Fiduciary Defendants breached their duties of exclusive purpose, prudence, and loyalty, caused the Plan to enter into non-exempt prohibited transactions, and engaged in self-dealing.

4.      Because of these breaches, the Plan and its participants and beneficiaries have suffered significant losses, including lost opportunity costs, for which Fiduciary Defendants are responsible.

## JURISDICTION AND VENUE

5.      The Secretary brings this action under ERISA §§ 409 and 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2) and 1132(a)(5), to redress violations and enforce Title I of ERISA.

6.      This Court has subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and general federal question jurisdiction, 28 U.S.C. § 1331.

7.      Venue with respect to this action lies in the United States District Court for the Southern District of New York under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. 1391(b)(2), because Fiduciary Defendants are all located within this district, the Plan was administered within this district, and the fiduciary breaches at issue in this complaint occurred within this district.

## PARTIES

8.      Plaintiff the Secretary has authority to enforce Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who breach their duties under Title I of ERISA. 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5).

2

9. During the relevant Time Period, defendant the Company was the sponsor of the Plan and the Plan's administrator.

10. During the relevant Time Period, the Company had discretionary authority to administer and manage the Plan, and the Company is thus a fiduciary to the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). As a Plan administrator, the Company was also a fiduciary to the Plan under 29 C.F.R. § 2509.75-8, D-3.

11. The Company was also a party in interest to the Plan during the relevant Time Period under ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C), because it was a fiduciary of the Plan, and because it was the employer of participants in the Plan.

12. During the relevant Time Period, defendant Pagan was owner of the Company.

13. During the relevant Time Period, Pagan exercised authority or control regarding management or disposition of Plan assets and had discretionary authority or responsibility over Plan administration. Pagan is therefore a Plan fiduciary under ERISA § 3(21)(A). 29 U.S.C. § 1002(21)(A).

14. The Plan is an ERISA-covered defined contribution employee benefit plan. *See* ERISA §§ 3(3), 3(34), and 4(a)(1), 29 U.S.C. §§ 1002(3), (34) & 1003(a)(1). The Plan is joined as a defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

## FACTUAL ALLEGATIONS

15. The Company was established in or around 2017 and was headquartered in Bronx, New York.

16. The Company was a fiscal intermediary for individuals receiving pay from New York State for their work providing home assistance for their family members.

17. The Company established the Plan effective on April 1, 2020, and restated the Plan as effective on April 1, 2025.

18.    The Company ceased operations on or around March 31, 2025.

19.    During the relevant Time Period, the Plan was funded by employee contributions and, until July 1, 2025, included an employer safe harbor matching contribution.

20.    The Company amended the Plan to stop such employer safe harbor contributions as of July 1, 2025.

**Defendants Failed to Remit All Employee Contributions to the Plan**

21.    During the relevant Time Period, Fiduciary Defendants regularly deducted employee contributions to the Plan from employees' pay.

22.    Beginning in or around 2023, Fiduciary Defendants stopped promptly and consistently remitting all employee contributions to the Plan, although they continued to withhold contributions from employee pay.

23.    To date, Fiduciary Defendants have failed to remit these employee contributions withheld during the relevant Time Period.

24.    Upon information and belief, these unremitted employee contributions were allowed to commingle with the Company's assets. This benefited the Company, as well as Pagan, as owner of the Company.

**Defendants Failed to Remit All Employer Contributions**

25.    Until July 1, 2025, the Plan's governing document stated that the Company shall make safe harbor matching contributions to the Plan.

26.    During the relevant Time Period, Fiduciary Defendants failed to make required safe harbor matching contributions to the Plan.

27.    Fiduciary Defendants failed to take action to ensure that all owed safe harbor matching contributions during the relevant Time Period were collected and paid to the Plan.

28.    The Company remained in business as a going concern until at least March 31, 2025, and so such action would not have been futile.

**Defendants Failed to Perform Other Basic Fiduciary Obligations**

29.    During the relevant Time Period, Fiduciary Defendants did not obtain a fidelity bond for the Plan until in or around April 2025.

**FIRST CLAIM FOR RELIEF**
**(Breaches of the Exclusive Purpose Requirement)**

30.    Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

31.    ERISA § 403(c)(1) requires plan assets to be held only for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses. It expressly forbids plan assets inuring to any employer's benefit. 29 U.S.C. § 1103(c)(1).

32.    Withheld employee contributions became Plan assets as soon they could have reasonably been segregated from the Company's general assets, and at most 15 days after the end of the month in which they would have been payable to the employee. 29 C.F.R. § 2510.3-102(a)(1), (b)(1).

33.    During the relevant Time Period, the Fiduciary Defendants were responsible to but failed to remit all employee contributions to the Plan after they could have reasonably segregated the employee contributions from the Company's general assets.

34.    By their actions and omissions, Fiduciary Defendants allowed Plan assets to inure to the direct benefit of the Company.

35.    By their actions and omissions, Fiduciary Defendants allowed Plan assets to be held outside the Plan for extended periods in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

36.    Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

5

**SECOND CLAIM FOR RELIEF**
**(Breaches of Fiduciary Duties for Failing to Remit Employee Contributions)**

37.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

38.     As Plan fiduciaries, Fiduciary Defendants had a duty under ERISA §§ 404(a)(1)(A) and (B) to act prudently and loyally in the sole interest of plan participants and beneficiaries. 29 U.S.C. §§ 1104(a)(1)(A) and (B).

39.     During the relevant Time Period, Fiduciary Defendants were responsible to but failed to promptly segregate and remit all employee contributions to the Plan.

40.     Instead, Fiduciary Defendants allowed Plan assets to commingle with the Company's general funds, which the Company could access for impermissible purposes such as paying everyday business expenses.

41.     Diversion of employee contributions to the Company's general operating account was not in the interest of Plan participants or beneficiaries and, therefore, was imprudent and disloyal.

42.     A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Fiduciary Defendants during the relevant Time Period would promptly segregate and remit all employee contributions to the Plan and monitor accounts and ensure that the Company did not convert Plan assets to its own use.

43.     By their actions and omissions, Fiduciary Defendants:

        a.      failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of ERISA § 404(a)(1)(A); and,

        b.      failed to act with the care, skill, prudence, and diligence under the

6

circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C.§ 1104(a)(1)(B).

44.    Fiduciary Defendants are therefore liable under ERISA § 409(a) for harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

### THIRD CLAIM FOR RELIEF
**(Breaches of Fiduciary Duties for Failing to Collect and Ensure Employer Matching Contributions were Paid to the Plan)**

45.    Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

46.    As Plan fiduciaries, Fiduciary Defendants had a duty under ERISA §§ 404(a)(1)(A) and (B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. §§ 1104(a)(1)(A) and (B).

47.    From 2023 and on an ongoing basis, the Fiduciary Defendants failed to ensure that all mandatory safe harbor matching contributions were collected and paid to the Plan.

48.    Fiduciary Defendants' failure to ensure that the Plan received the owed safe harbor matching contributions was imprudent and disloyal because it was not in the interest of Plan participants or beneficiaries.

49.    A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Fiduciary Defendants during the relevant time period would have taken reasonable steps to enforce the terms of the Plan and ensure that the mandatory safe harbor matching contributions were collected and paid to the Plan.

50.    These efforts to collect and ensure payment to the Plan would not have been futile, as the Company had the ability to make the mandatory contributions.

51.    By their actions and omissions, Fiduciary Defendants:

a.    failed to discharge their duties to the Plan solely in the interests of Plan

7

participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable plan administration expenses, in violation of ERISA § 404(a)(1)(A); and

b.      failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

52.      Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

## FOURTH CLAIM FOR RELIEF
### (Prohibited Transactions)

53.      Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

54.      ERISA § 406(a)(1)(D) prohibits fiduciaries from transferring plan assets to a "party in interest." 29 U.S.C. § 1106(a)(1)(D).

55.      The Company, as Plan sponsor and a fiduciary, was a "party in interest" to the Plan. ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

56.      During the relevant Time Period, Fiduciary Defendants were responsible to but failed to segregate and remit all employee contributions to the Plan.

57.      By their actions and omissions, Fiduciary Defendants caused the Plan to enter into transactions that they knew or should have known constituted prohibited transfers of plan assets to a party in interest in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

58.      Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

## FIFTH CLAIM FOR RELIEF
### (Self-Dealing)

59.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

60.     ERISA § 406(b)(1) prohibits Plan fiduciaries, such as Fiduciary Defendants, from dealing with Plan assets in their "own interest" or for their "own account." 29 U.S.C. §1106(b)(1).

61.     ERISA § 406(b)(2) prohibits plan fiduciaries, such as Fiduciary Defendants, from acting in any transaction involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan or its participants and beneficiaries. 29 U.S.C. § 1106(b)(2).

62.     During the relevant time period, Fiduciary Defendants maintained Plan assets outside the Plan and/or allowed Plan assets to commingle with the Company's general funds, which benefitted the Company's business interests, and therefore Pagan's personal interests (as owner of the Company), at the expense of the Plan and its participants and beneficiaries.

63.     By their actions and omissions, Fiduciary Defendants engaged in prohibited self-dealing in violation of ERISA §§ 404(b)(1) and (2), 29 U.S.C. §§ 1106(b)(1) and (2).

64.     Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

## SIXTH CLAIM FOR RELIEF
### (Failing to Perform Basic Fiduciary Obligations)

65.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

66.     As Plan fiduciaries, Fiduciary Defendants had a duty under ERISA §§ 404(a)(1)(A) and (B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. §§ 1104(a)(1)(A) and(B).

67.     During the relevant Time Period, until April 2025, Fiduciary Defendants failed to

obtain a fidelity bond for the Plan, in violation of 29 U.S.C. 1102(a)(b).

68.    A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Fiduciary Defendants during the relevant Time Period would promptly protect the Plan's assets by obtaining a fidelity bond for the Plan, among other actions.

69.    By their actions and omissions, Fiduciary Defendants:

a.    failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable plan administration expenses, in violation of ERISA § 404(a)(1)(A); and

b.    failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C.§ 1104(a)(1)(B).

70.    Fiduciary Defendants are therefore liable under ERISA § 409(a) for harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

### PRAYER FOR RELIEF

WHEREFORE, the Secretary requests that the Court grant the following relief:

1.    Ordering Fiduciary Defendants jointly and severally to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

2.    Ordering that any money currently in Fiduciary Defendant Pagan's accounts in the Plan be offered to satisfy in part his obligation to restore the unremitted contributions;

3.    Removing Fiduciary Defendants as fiduciaries to the Plan;

4.    Permanently enjoining Fiduciary Defendants from serving as fiduciaries or service providers to any ERISA-covered plan;

10

5.    Appointing an independent fiduciary for the Plan with plenary authority and control over the Plan, including but not limited to the authority to calculate losses, marshal assets on behalf of the Plan, pursue claims on behalf of the Plan, and receive and distribute any restitution paid pursuant to the judgment in this case;

6.    Ordering Fiduciary Defendants to pay the fees charged and costs incurred by the independent fiduciary or its agents in administering the Plan and its assets;

7.    Ordering Fiduciary Defendants, as well as their agents, employees, service providers, banks, accountants, and attorneys, to preserve and provide the Secretary all of the books, documents, and records relating to the finances and administration of the Company and the Plan; and

8.    Granting such other relief as may be equitable, just, and proper.


DATED:    May 19, 2026
          New York, New York

                                        JONATHAN BERRY
                                        Solicitor of Labor

                                        JEFFREY S. ROGOFF
                                        Regional Solicitor

                                        */s Hollis V. Pfitsch*
                                        HOLLIS V. PFITSCH
                                        Senior Trial Attorney
                                        U.S. Department of Labor
                                        Office of the Regional Solicitor
                                        201 Varick Street, Room 983
                                        New York, NY 10014
                                        (646) 264-3667
                                        (646) 264-3660 (fax)
                                        pfitsch.hollis.v@dol.gov
                                        NY-SOL-ECF@dol.gov